## Syz and others v. Redfield and others.

*(Circuit Court, S. D. New York. August 16, 1881.)*

PRACTICE—EXCEPTIONS TO REFEREE'S REPORT.

> Where amended exceptions to the report of the referee are not filed within the time prescribed by the statute they will be overruled on motion.

BLATCHFORD, C. J. So much of the plaintiffs' motion herein as moves "to overrule and exclude all defendants' so-called amended exceptions to the referee's report, originally filed herein on September 11, 1880," must be granted. The order of reference of March 7, 1877, provides that "either party may, on the hearing, raise objections, and said referee shall decide thereon, and either may file exceptions to such decision of the referee within two days after the filing of the referee's report." It does not provide for any exceptions to the report of the referee. If the exceptions to the report can be treated as if they were filed as exceptions to decisions of the referee on the hearing, there is no matter embraced in said amended exceptions to the referee's report which relates to anything as to which the defendants raised objections before the referee on the hearing, on

which he decided, except that relating to Syz, Irminger & Co., and as to that the exception was not filed within two days after the filing of the referee's report. If any of the said amended exceptions to the referee's report, other than that relating to Syz, Irminger & Co., are claimed to have been properly filed, aside from any authority therefor under said order of reference, it is plain that some of them relate to objections which, in order to be available, should have been taken before verdict, and therefore are improperly filed, because it is not shown that the objections and exceptions were taken before verdict, and that the rest of them could only be raised by an exception to the decision of the court, made February 11, 1861, and it does not appear that any such exception was ever taken, and it is too late now to take it.

I am also of opinion that the stipulation entered into between the treasury department and the attorneys for the plaintiffs in August, 1874, applies to this case in its present *status.*

No motion appears to be made in regard to the "exception to referee's decision."